UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON, | Case No. 1:26-cv-02016-KES-HBK |
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* |
| v. | (Doc. 2) |
| NOMATHEMBA THOMPSON. | FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT[1] |
| Defendant. | (Doc. 1) |
| | FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the court for its initial screening under 28 U.S.C. § 1915A. Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis.* (Doc. 2). Upon review of the motion, the Court finds Plaintiff's declaration satisfies the requirements under § 1915(a)(1) and will grant the motion.

Nonetheless, for the reasons set forth below, the undersigned recommends that the district court dismiss Plaintiff's complaint without leave to amend because the Eastern District of California lacks jurisdiction over Plaintiff's claim.

////

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

**SCREENING REQUIREMENT**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if a court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in forma pauperis*).  A complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir. 1997), *cert. denied,* 552 U.S. 996 (1997).  A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At this stage, the court accepts the facts stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). A court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678. Due to a plaintiff's pro se status, a court must liberally construe the operative complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez*, 203 F.3d at 1127-29; *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of a court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler*

*v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

## SUMMARY OF OPERATIVE COMPLAINT

On March 16, 2026, Plaintiff Steven Quinn Singleton filed a complaint against the Federal Election Committee ("FEC") alleging:

> The FEC expediently disposed of a valid complaint that includes concerns under the agency's jurisdiction.  It is currently unclear to what degree a coercive exercise of the Executive power has influenced persistent abuses and obstructions through the Second Branch.  Plaintiff files this action to request Third branch assistance in advancing balance of powers within the Government and in service to the People.

(Doc. 1 at 4).  As relief, Plaintiff requests that the Court review complaints submitted to the FEC. (*Id.*).  The FEC is the only defendant named in the complaint.  (*Id.* at 2).  Furthermore, under the "Basis of Jurisdiction" section of the complaint, Plaintiff checks "federal question."  (*Id.* at 3).

## APPLICABLE LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction."  *Home Depot U.S.A., Inc. v.* Jackson, 587 U.S. 435, 437 (2019) (citations omitted).  Article II, § 2 of the Constitution delineates "the character of the controversies over which federal judicial authority may extend."  *Id.* (citations omitted).  "And lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.' "  *Id.*  Under 52 U.S.C. § 30109(a)(8), the United States District Court for the District of Columbia has exclusive jurisdiction over claims alleging that the FEC failed to act on or investigate complaints.  *Chamberlain v. Fed. Election Comm'n*, 2025 WL 1219701, at *2 (E.D. Cal. Apr. 28, 2025), *report and recommendation adopted*, 2025 WL 1836714 (E.D. Cal. July 3, 2025) (citing *Beverly v. Fed. Elections Com'n*, 2009 WL 196361, at *1 (E.D. Cal. Jan. 28, 2009); *Salo v. Fed. Election Com'n*, 2007 WL 1757352, at *1 (E.D. Cal. June 18, 2007) (citations to former statute)).

Plaintiff's sole allegation is against the FEC for failing to act on or investigate a complaint.  Thus, he has improperly brought this action in the Eastern District of California, which lacks jurisdiction over his claim.  Given that this jurisdictional defect cannot be cured, it would be futile to permit Plaintiff to amend the complaint.  *See Lopez*, 203 F.3d at 1130-31; *Cato*

*v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED.

It is further RECOMMENDED:

1. Plaintiff's complaint (Doc. 1) be DISMISSED without leave to amend for lack of subject matter jurisdiction.

2. The Clerk be directed to CLOSE this case.

<strong>NOTICE TO PARTIES</strong>

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:   <u>March 24, 2026</u>

<u>Helena M. Barch-Kuchta</u>
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE